# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY FIKARA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 16-3285 |
| NIEMANN FOODS, INC., | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

TOM SCHANZLE-HASKINS, U.S. Magistrate Judge:

On July 28, 2017, this Court conducted a mediation of this action between Plaintiff Larry Fikara and Defendant Niemann Foods, Inc (Niemann) (collectively the Parties). The Parties tentatively agreed to settle this matter and to submit to the Court a proposed settlement agreement. Minute Entry entered July 28, 2017. The Parties then consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered September 20, 2017 (d/e 28). The Parties have now submitted to the Court an agreement entitled "Class Action Settlement Agreement and Release" executed by the Parties and their attorneys (Settlement Agreement), including the following Exhibits to the Settlement Agreement: Exhibit A Class Notice, Exhibit B Claim Form, and Exhibit C General and

Comprehensive Release of Claims (collectively the Exhibits). After careful review of the Settlement Agreement, Exhibits, the filings in this proceeding, and the applicable law and rules, the Court enters the following Opinion and Order.

1. The Court preliminarily approves the Settlement Agreement subject to the provisions of this Opinion and Order. The Court directs the Clerk to file a copy with signatures redacted of the Settlement Agreement and Exhibits; and to file under seal an unredacted copy of the Settlement Agreement and Exhibits.

2. The Court preliminarily approves certification of this matter to proceed as a class action for purposes of settlement under the Settlement Agreement. The Court conditionally certifies of the following class (Class):

> All applicants or employees of Niemann Foods for whom a consumer report or investigative consumer report was procured by Niemann Foods from October 19, 2011 to February 16, 2016.

3. The Court preliminarily approves of Plaintiff Fikara as the representative for the Class for purposes of this settlement. The Court preliminarily approves Fikara's attorneys CounselOne, P.C.;

Eggnatz, Lopatin & Pascucci, LLP; and Nelson & Nelson, P.C. as counsel for the Class (Class Counsel).

4. Pursuant to the Settlement Agreement, the Court preliminarily finds that:

    A. The members of the Class (Class Members) are ascertainable and so numerous as to make it impracticable to join all Class Members;

    B. There are common questions of law and fact;

    C. Plaintiff believes his claims are typical of the claims of the Class Members;

    D. Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class Members;

    E. The prosecution of separate actions by Class Members would create the risk of inconsistent adjudications, which would establish incompatible standards of conduct; and

    F. Plaintiff believes questions of law and fact common to the Class Members predominate over individual questions and that a class action is superior to other available means for the fair and efficient adjudication of the controversy

5. Pursuant to the Settlement Agreement, the Court hereby appoints CPT Group, Inc., to perform the customary duties of a third-party claims administrator (Claims Administrator) as set forth in detail in the Settlement Agreement.

6. The Court approves Exhibit A to the Settlement Agreement entitled "Notice of Settlement and Release of Claims" (Class Notice), with the following modification. The following sentence shall be inserted after the first sentence and before the second sentence of paragraph 6(a): "You may do this personally or through an attorney (retained at your own expense)." The first three sentences of paragraph 6(a), as modified by this Opinion and Order, shall state:

> If you want to receive benefits under the settlement, you must sign and return a Claim Form to the Claims Administrator at the address below by First Class or certified U.S. Mail **postmarked no later than _____, 2017**. You may do this personally or through an attorney (retained at your own expense). It is recommended that you retain a receipt of your mailing, or that you call the Claims Administrator before the submission deadline to confirm the Claims Administrator has received your Claim Form or request for exclusion.

7. The Court approves Exhibit B to the Settlement Agreement entitled "Claim Form" (Claim Form).

8. The Court approves distribution of the Class Notice and Claim Form by U.S. Mail. The Court directs Niemann Foods to provide confidentially to

the Claims Administrator on or before October 30, 2017, a Class List as defined in the Settlement Agreement.  The Claims Administrator shall review and update the mailing address information in the Class List as set forth in the Settlement Agreement and provide the Parties with a finalized copy of the Notice and Claim Form on or before November 6, 2017.  The Claims Administrator shall insert into the finalized copy of the Notice and Claim Form shall all dates, as set forth below, that are currently blank.

9. On November 8, 2017, the Claims Administrator shall distribute the copies of the finalized Notice and Claim Form to the Class Members by U.S. Mail postage prepaid to the Class Members at the addresses on the updated Class List.

10. Class Members may: (1) elect to exclude themselves from participating in the Class notifying the Claims Administrator in the manner set forth in the Notice (Opt-Out Election); (2) submit a fully completed Claim Form to the Claims Administrator (Completed Claim Form); or (3) not respond to the Notice.  All Opt-Out Elections and all Completed Claim Forms must be submitted to the Claims Administrator by U.S. Mail and must be postmarked on or before December 26, 2017 (the "Opt-Out Deadline" for Opt-Out Elections and the "Claims Due Date" for completed Claim Forms).

11. Any Class Member may object to or oppose the final approval of the Settlement Agreement. All objections or oppositions to final approval of the Settlement Agreement (Objections) must be filed with the Court on or before December 26, 2017 (Objections Deadline) with service on the Parties.

12. The Court sets a final hearing to consider the fairness and adequacy of the Settlement Agreement, final approval the Settlement Agreement, and entry of a Final Approval Order and Judgment on February 2, 2018 at 10:30 a.m. in Courtroom 3, U.S. Courthouse, 600 East Monroe Street, Springfield, Illinois 62701.

13. The Parties and the Claims Administrator with comply with all other the terms and conditions of the Settlement Agreement and this Opinion and Order.

THEREFORE, the Class Action Settlement Agreement and Release is preliminarily APPROVED. The Court directs the Clerk to file a copy with signatures redacted of the Settlement Agreement and Exhibits; and to file under seal an unredacted copy of the Settlement Agreement and Exhibits. The Court provisionally approves this matter to proceed as a class action for purposes of settlement and conditionally approves the class. The Court preliminarily approves Plaintiff Larry Fikara as the Class Representative

and his counsel of record as counsel for the class.  The Court appoints CPT Group, Inc. as the third-party Claims Administrator.  The Court directs the parties and Claims Administrator to comply with the terms and conditions of the Settlement Agreement as modified by this Opinion and Order.  The Court sets a final hearing to consider the fairness and adequacy of the Settlement Agreement, final approval the Settlement Agreement, and entry of a Final Approval Order and Judgment on February 2, 2018 at 10:30 a.m. in Courtroom 3, U.S. Courthouse, 600 East Monroe Street, Springfield, Illinois 62701.

ENTER:  October 20, 2017

                                        **s/ Tom Schanzle-Haskins**
                                  UNITED STATES MAGISTRATE JUDGE